

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 25, 1966

Honorable Robert S. Calvert          Opinion No. C-692
Comptroller of Public Accounts
Austin, Texas                        Re:  Payment of Registration
                                          Fees on facts submitted.
Dear Mr. Calvert:

        Your request for an opinion on the above subject
matter reads as follows:

        "I have been presented with two accounts for the
    payment of registration fees, each being incurred under
    somewhat different circumstances.

        "1.  A registration fee of $50.00 was paid in the
    name of the State of Texas to attend a conference spon-
    sored by the Urban Transportation Committee of the
    Greater Chamber of Commerce of Pittsburg.  A copy of
    the program is attached.

        "2.  A registration fee of $10.00 was paid to
    attend the Uniform Commercial Code Institute, the
    meeting being held in San Antonio.  Attached to the
    account is a receipt for the registration fee which
    is signed by an executive secretary for the San Antonio
    Bar Association.

        "House Bill No. 12, acts of the 59th Legislature,
    Article 5, the appropriation bill under which we are
    now operating provides in part:

        "'The provisions set forth in this and all other
    Articles of this Act are limitations on the appropria-
    tions made in this Act.'

        "The limitation as to payment of registration
    fees found in Article 5 reads as follows:

        "'RESTRICTION ON REGISTRATION FEES.  None of the
    monies appropriated in this act may be expended for dues,
    registration fees or any kind of similar expense incurred
    in joining or attending any type of organization, unless
    the membership is in the name of the State of Texas.'

"In view of restrictions as to registration fees for attending organized gatherings, would this provision be violated by paying the registration fees incurred under the conditions set out above?

"The appropriation against which it is requested that the fees be paid is found in Article 6 of the appropriation bill under which we are now operating."

The answer to the questions posed in your request is governed by the principles of law announced in Attorney General's Opinions C-671 (1966) and C-571 (1965) and authorities cited therein.

In Attorney General's Opinion C-571 it was held that the Texas Water Development Board may pay from appropriated funds the tuition fees of two employees to attend an eight-day course in Earth Control and Investigation conducted by the Bureau of Reclamation, Denver Laboratories, and the registration need not be made in the name of the State. It was specifically stated in C-571:

"The above quoted provision of the Appropriations Bill would prohibit expenditure of such funds for such purposes only if the provision, in this situation, did in fact require registration in the name of the State of Texas and this were not complied with. It could be argued that the course of instruction conducted by the Bureau of Reclamation was a 'type of organization' and the registrations must be in the name of the State of Texas if the tuition is to be paid from such appropriated funds. However, in this particular instance, inasmuch as the Bureau of Reclamation is an agency of the United States the term 'organization' would not be applicable. In holding that the word 'organization' did not apply to the United States, the New Hampshire Supreme Court, in the case of Farm Mutual Auto Ins. Co. v. Manson, 54 A2d 580, 583; 94 N.H. 389; stated: 'Certainly "organization" is not commonly employed in speaking of the United States.'

"Therefore, it is the opinion of this office that such Section 18, of Article V, of House Bill 12, Acts of the 59th Legislature, does not require, as a prerequisite to expenditure of appropriated funds, that registration at courses conducted by the Bureau of Reclamation be made in the name of the State of Texas. However, there is no reason why the registrations could not be made in the name of the State of Texas."

Likewise, in Attorney General's Opinion C-671, it was held that appraisers employed by the Veterans' Land Board may attend an appraisal school at Texas A&M University and have their registration fees paid by the State.

Attached to your request is the statement by the head of the agency informing that the training and information made available to the employees involved was for the furtherance of the governmental duties imposed upon the agency and was directly and substantially related to the performance of such governmental functions. In this connection, it was held in Attorney General's Opinion C-671, supra.:

"In prior questions of this nature, this office has consistently employed two basic criteria: (1) Whether the training described will be directly and substantially used to facilitate the governmental duties and functions of the State agency requesting such training; and (2) Do the facts establish that there is a reasonable, substantial and direct relationship between the purpose of the training and the accomplishment of the governmental functions entrusted to the employee? Attorney General's Opinions WW-83 (1957), WW-233 (1957), WW-433 (1958)."

In view of the foregoing, you are advised that the registration fees to attend the conference sponsored by the Urban Transportation Committee of the Greater Chamber of Commerce of Pittsburg, and the registration fee to attend the Uniform Commercial Code Institute may be paid.

## SUMMARY

Registration fees necessary to attend courses of instruction deemed necessary to the furtherance of governmental duties imposed upon a State agency may be paid by such State agency. Attorney General's Opinions C-571 (1965) and C-671 (1966).

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: John Reeves
John Reeves
Assistant Attorney General

JR:sck

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Linward Shivers
Charles Bardwell
W. O. Shultz
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY:　T. B. Wright